United States District Court
Northern District of California

1

2

3

4                             UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE AVALANCHE                        Master File No.  15-cv-03185-JD
     BIOTECHNOLOGIES
8    SECURITIES LITIGATION.
                                            **ORDER RE LEAD PLAINTIFF AND**
9                                           **COUNSEL; AMENDED SCHEDULING**
                                            **ORDER**
10
                                            Re: Dkt. Nos. 13, 17, 21, 26, 27
11

12

13          The Court issues these orders in this consolidated securities class action.  The orders apply

14   in the three cases (15-cv-3185, 15-cv-3231, 15-cv-3281) that have been consolidated for pretrial

15   purposes under this master docket.  Dkt. No. 48 ¶¶ 1-2.

16   **I.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

17          Putative class members filed five competing motions seeking appointment as lead plaintiff

18   under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i).

19   Dkt. Nos. 13, 17, 21, 26, and 27.  Two parties -- Srikanth Dropati and the Beaver County

20   Employees Retirement Fund -- have withdrawn their motions and no longer seek to be lead

21   plaintiff.  Dkt. Nos. 43, 61.  Two other proposed lead plaintiffs -- a group consisting of Citadel

22   Financial Advisory Ltd. and Over Atlantic Investments, and Gerard Warren -- have conceded that

23   they do not have the largest financial interest in the action, though still willing to serve if

24   requested.  Dkt. Nos. 49, 44.  Overall, the parties involved in the five competing motions

25   recognize Arpat Bachhawat as "the most adequate plaintiff" under the PSLRA.  They agree

26   Bachhawat has the largest financial interest in the litigation under 15 U.S.C. § 78u-

27   4(a)(3)(B)(iii)(I), and do not object that he meets the requirements of Federal Rule of Civil

28   Procedure 23, including typicality and adequacy, for this litigation.  Dkt. Nos. 43, 44, 49, 54.  At

1   the hearing, no objections were raised.  Consequently, the Court appoints Arpan Bachhawat as

2   lead plaintiff in the consolidated securities class action.

3       Bachhawat requests that the Court appoint the law firm of Faruqi & Faruqi to represent the

4   class as lead counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Dkt. No. 26 at 9.  All objections

5   from other parties having been withdrawn, *see* Dkt. No. 54, and because no objections were raised

6   at the hearing, the Court will allow Bachhawat's choice of counsel.  Dkt. No. 26 is granted, and

7   the other motions, Dkt. Nos. 17 and 21, are denied, without prejudice to renewal in the event that

8   Bachhawat should ever become unwilling or unable to serve as lead plaintiff.

9   **II.   AMENDED SCHEDULING ORDER**

10      The Court revises the schedule for this case.  Dkt. No. 48.  Lead plaintiff is ordered to file

11  a consolidated amended complaint by January 29, 2016.  Defendants are to respond to the

12  consolidated amended complaint by February 19, 2016.  If defendants file a motion to dismiss,

13  plaintiff's response is due by March 11, 2016, and any reply is due by March 25, 2016.  These

14  dates are firm and will not be continued.  The Court will then decide whether to set a hearing on

15  the motion.

16      The consolidated amended complaint will be the operative complaint and supersede all

17  other complaints filed in each of the underlying actions that were consolidated into this case.

18  Defendants need not respond to those prior complaints.

19      Pursuant to the PSLRA and the Federal Rules of Civil Procedure, and for the sake of

20  clarity and efficient case management, plaintiff is directed to set out in chart form its securities

21  fraud allegations under the following headings on a numbered, statement-by-statement basis:

22  (1) the speaker(s), date(s), and medium; (2) the false and misleading statements; (3) the reasons

23  why the statements were false and misleading when made; and (4) the facts giving rise to a strong

24  inference of scienter.  An exemplar can be found at Docket Number 111 in *In re Mellanox*

25  *Technologies, Ltd. Securities Litigation*, Case No. 13-cv-4909.  The chart may be attached to or

26  ///

27  ///

28  ///

United States District Court
Northern District of California

1    contained in the consolidated complaint, but in any event will be deemed to be a part of the

2    complaint.

3    **IT IS SO ORDERED.**

4    Dated: December 17, 2015

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3