# EXHIBIT A

1 | ROBBINS GELLER RUDMAN
 | & DOWD LLP
2 | SHAWN A. WILLIAMS (213113)
 | One Montgomery Street, Suite 1800
3 | San Francisco, CA 94104
 | Telephone: 415/288-4545
4 | 415/288-4534 (fax)
 | – and –
5 | THEODORE J. PINTAR
 | JAMES I. JACONETTE (179565)
6 | SUSANNAH R. CONN (205085)
 | 655 West Broadway, Suite 1900
7 | San Diego, CA 92101
 | Telephone: 619/231-1058
8 | 619/231-7423 (fax)

9 | Lead Counsel for Plaintiffs

**FILED**
**SAN MATEO COUNTY**

JAN 2 2 2018

Clerk of the Superior Court

DEPUTY CLERK

10

11 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 COUNTY OF SAN MATEO

| 13  In re AVALANCHE BIOTECHNOLOGIES, | ) | Lead Case No. CIV536488 |
| INC. SHAREHOLDER LITIGATION | ) | |
| 14 | ) | CLASS ACTION |
| 15  This Document Relates To: | ) | NOTICE OF ENTRY OF JUDGMENT AND |
| | ) | ORDER GRANTING FINAL APPROVAL OF |
| 16  ALL ACTIONS. | ) | CLASS ACTION SETTLEMENT |
| 17 | | Assigned for All Purposes to the |

Honorable Marie S. Weiner
Dept. 2
Date Action Filed: 12/07/15

CIV536488
NOEJUD
Notice of Entry of Judgment
936227

1 | TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2 |         PLEASE TAKE NOTICE that on January 19, 2018, the Court entered the Judgment and Order

3 | Granting Final Approval of Class Action Settlement.  A true and correct copy of said order is attached

4 | hereto as Exhibit A.

5 | DATED:  January 19, 2018

ROBBINS GELLER RUDMAN
& DOWD LLP
THEODORE J. PINTAR
JAMES I. JACONETTE
SUSANNAH R. CONN

THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

- 2 -

# EXHIBIT A

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 1 9 2018

Clerk of the Superior Court
By TERRI MARAGOULAS
DEPUTY CLERK

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   One Montgomery Street, Suite 1800
3  San Francisco, CA 94104
   Telephone: 415/288-4545
4  415/288-4534 (fax)
        – and –
5  JAMES I. JACONETTE (179565)
   SUSANNAH R. CONN (205085)
6  655 West Broadway, Suite 1900
   San Diego, CA 92101
7  Telephone: 619/231-1058
   619/231-7423 (fax)
8
   Lead Counsel for Plaintiffs
9
        SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
            COUNTY OF SAN MATEO
11

| | |
|---|---|
| 12  In re AVALANCHE BIOTECHNOLOGIES, INC. SHAREHOLDER LITIGATION | Lead Case No. CIV536488 |
| 13 | CLASS ACTION |
| 14  This Document Relates To: | JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| 15  ALL ACTIONS. | |
| 16 | Assigned for All Purposes to the Honorable Marie S. Weiner |
| 17 | Dept. 2 |
| 18 | Date Action Filed: 12/07/15 |

19

20

21

22

23

24

25

26

27

28

RECEIVED
JAN 1 2 2018
CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

File By Fax

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1349613_1

1    WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to
2    Court approval following notice to the Class and a hearing, to determine if the settlement upon the
3    terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 3, 2017 (the
4    "Stipulation" or "Settlement"), which was filed with the Court, is fair, reasonable and adequate to the
5    Class; and

6    WHEREAS, on September 7, 2017, the Court entered its Order Preliminarily Approving
7    Settlement and Providing for Notice, which preliminarily approved the Settlement, and approved the
8    form and manner of notice to the Class of the Settlement, and said notice has been made; and the
9    fairness hearing having been held; and

10    NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings
11    herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is
12    fair, reasonable and adequate, and upon a Settlement Fairness Hearing having been held after notice to
13    the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether
14    the Final Judgment should be entered in this Action;

15    **THE COURT HEREBY FINDS AND CONCLUDES THAT:**

16    A.    The provisions of the Stipulation, including definitions of the terms used therein, are
17    hereby incorporated by reference as though fully set forth herein.

18    B.    This Court has jurisdiction of the subject matter of this Action and over all of the Parties
19    and all Class Members.

20    C.    With respect to the Class, the Court finds that:

21    (i)    The Class Members are so numerous that their joinder in the Action is
22    impracticable. There were more than nine million shares of Avalanche common stock offered through
23    the IPO and the SPO. The Class is, therefore, sufficiently numerous to render joinder impracticable.

24

25

26    [1]    As used herein, the term "Parties" means Plaintiffs Beaver County Employees Retirement Fund,
Arpan Bachhawat, and Srikanth Koneru; and Defendants Avalanche Biotechnologies, Inc., Thomas W.
27    Chalberg, Jr., Linda C. Bain, Mark S. Blumenkranz, John P. McLaughlin, Steven D. Schwartz, Paul D.
Wachter, Jefferies LLC, Cowen and Company, LLC, Piper Jaffray & Co., and William Blair &
28    Company, L.L.C.

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1349613_1

1   (ii) There are questions of law and fact common to the Class. Those questions

2 include (a) whether the Defendants violated the Securities Act of 1933, whether the Registration

3 Statements for the IPO and SPO contained misstatements or omissions, whether any misstatements or

4 omissions were material, and whether any misstatements or omissions caused harm to the Class

5 Members; and (b) whether the Issuer Defendants violated the Securities Exchange Act of 1934, whether

6 the statements made during the Class Period were materially false or misleading, whether the Issuer

7 Defendants acted with scienter, and whether the Issuer Defendants' alleged fraud caused harm to the

8 Class Members.

9   (iii) The claims of the Plaintiffs are typical of the claims of the Class Members.

10 Plaintiffs claim to have purchased Avalanche common stock during the Class Period and/or pursuant or

11 traceable to the same Registration Statements as the Class Members. Consequently, Plaintiffs claim

12 that they and the other Class Members sustained damages as a result of the same misconduct by

13 Defendants.

14   (iv) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and

15 protected the interests of the Class Members. Plaintiffs have no interests in conflict with absent Class

16 Members. The Court is satisfied that Plaintiffs' Counsel are qualified, experienced, and have

17 represented the Class to the best of their abilities.

18   (v) The questions of law or fact common to the Class Members predominate over

19 any questions affecting only individual members.

20   (vi) A class action is the superior means of resolving the Action.

21  D. The form, content, and method of dissemination of notice given to the Class was

22 adequate and reasonable and constituted the best notice practicable under the circumstances, including

23 individual notice to all Class Members who could be identified through reasonable effort.

24  E. Notice, as given, complied with the requirements of California law, satisfied the

25 requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

26  F. The Settlement set forth in the Stipulation in the amount of $13,000,000 is fair,

27 reasonable, and adequate.

28

- 3 -

1        (i)    The Settlement was negotiated at arm's length by Plaintiffs on behalf of the Class

2    and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case

3    settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar

4    with this Action and the Federal Court Action; (b) the exchange among the State Court Plaintiff and the

5    Issuer Defendants of detailed mediation statements prior to the mediation which highlighted the factual

6    and legal issues in dispute; (c) follow-up negotiations between the Parties to this Action and the Federal

7    Court Action with the assistance of the mediator; (d) Plaintiffs' Counsel's extensive investigation,

8    which included, among other things, a review of Avalanche's press releases, U.S. Securities and

9    Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and

10   information about the Defendants; (e) the drafting and submission of detailed complaints; and (f) the

11   review and analysis of non-public documents produced by Defendants. Accordingly, both the Plaintiffs

12   and Defendants were well-positioned to evaluate the settlement value of this Action and the Federal

13   Court Action. The Stipulation has been entered into in good faith and is not collusive.

14       (ii)    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the

15   expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either

16   Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the

17   reasonableness of the Settlement.

18       G.    Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interest of

19   the Class Members in connection with the Settlement.

20       H.    Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the

21   Settlement set forth in the Stipulation.

22   **IT IS HEREBY ORDERED THAT:**

23       1.    The Class, defined in the Stipulation is finally certified as:

24   All Persons that purchased or otherwise acquired Avalanche common stock between
    July 30, 2014 and June 15, 2015 (inclusive), including those Persons that purchased or

25   otherwise acquired the Company's common stock pursuant or traceable to the
    Company's Registration Statement and Prospectus for the Company's IPO and those

26   Persons that purchased or otherwise acquired the Company's common stock pursuant or
    traceable to the Company's Registration Statement and Prospectus for the Company's

27   SPO. Excluded from the Class are: the Defendants; any officers or directors of
    Avalanche or the Underwriter Defendants during or after the Class Period; any

28   corporation, trust or other entity in which any Defendant has a controlling interest; and

- 4 -

the members of the immediate families of the Individual Defendants, and the Individual Defendants' successors, heirs, assigns and legal representatives.

2.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3.    All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

4.    Upon the Effective Date, Plaintiffs and each Class Member shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.

5.    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Class Members from all Settled Defendants' Claims.

6.    All Class Members who have not made their objections to the Settlement in the manner provided in the Notice of Proposed Settlement of Class Action ("Notice") are deemed to have waived any objections by appeal, collateral attack, or otherwise.

7.    All Class Members who have failed to properly submit requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

8.    The requests for exclusion by the persons or entities identified in Exhibit A to this Final Judgment are accepted by the Court.

9.    All other provisions of the Stipulation are incorporated into this Final Judgment as if fully rewritten herein.

10.    Plaintiffs and all Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Settled Claims against any of the Released Parties.

- 5 -

1    11.    Neither the Stipulation nor the Settlement, nor any act performed or document executed

2 pursuant to or in furtherance of the Stipulation or the Settlement:

3        (a)    shall not be offered or received against Defendants as evidence of a presumption,

4 concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way

5 referred to for any other reason as against Defendants, in any other civil, criminal, or administrative

6 action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

7 the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them

8 hereunder;

9        (b)    shall not be construed as or received in evidence as an admission, concession, or

10 presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or

11 that any defenses asserted by Defendants have any merit, or that damages recoverable in this Action, the

12 Federal Court Action, or any subsequent operative complaint filed in this Action or the Federal Court

13 Action would not have exceeded the Settlement Fund; and

14        (c)    Notwithstanding the foregoing, Defendants, Plaintiffs, Class Members, and/or the

15 Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought

16 against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

17 estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim

18 preclusion or issue preclusion or similar defense or counterclaim.

19    12.    The Court hereby finds and concludes that the Action was brought, prosecuted and/or

20 defended in good faith, with a reasonable basis.

21    13.    Pursuant to and in full compliance with California law, this Court hereby finds and

22 concludes that due and adequate notice was directed to all Persons and entities who are Class Members

23 advising them of the Plan of Allocation and of their right to object thereto, and a full and fair

24 opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to

25 the Plan of Allocation.

26    14.    The Court hereby finds and concludes that the formula for the calculation of the claims

27 of Authorized Claimants, which is set forth in the Notice sent to Class Members, provides a fair and

28 reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the

- 6 -

1    Stipulation among Class Members, with due consideration having been given to administrative

2    convenience and necessity.

3        15.    The Court hereby awards Plaintiffs' Counsel attorneys' fees of $4,290,000, plus Lead

    *$ 152,502.81*

4    Counsel's expenses in the amount of ~~$155,002.81~~; and Federal Court Counsel's expenses in the amount

5    of $92,652.63, together with the interest earned thereon for the same time period and at the same rate as

6    that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is

7    appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of

8    the case and the substantial risks of non-recovery, the time and effort involved, and the result obtained

9    for the Class.

10        16.    The awarded attorneys' fees and expenses and interest earned thereon shall immediately

11    be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations of

12    the Stipulation, which terms, conditions, and obligations are incorporated herein.

13        17.    Time and expenses are awarded to Plaintiffs Beaver County Employees' Retirement

14    Fund, Arpan Bachhawat and Srikanth Koneru in the amounts of $2,500, $2,500 and $1,500,

15    respectively. Such payment is appropriate considering their active participation as Plaintiffs in this

16    Action and the Federal Court Action, as attested to by the declarations submitted to the Court. Such

17    payment is to be made from the Settlement Fund.

18        18.    In the event that the Stipulation is terminated in accordance with its terms: (i) this Final

19    Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) this Action shall

20    proceed as provided in the Stipulation.

21

22

23

24

25

26

27

28

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1349613_1

19.    Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

IT IS SO ORDERED.

DATED: ___1/19/18___

_____
HONORABLE MARIE S. WEINER
JUDGE OF THE SUPERIOR COURT

- 8 -

JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1349613_1





RECEIVED

NOV 2 0

CLAIMS CENTER

# Exclusion Cover Page

Case Name: In re Avalanche Biotechnologies, INC.

Case Code: AVI

Exclusion Deadline: November 27, 2017 (Postmark Date)

Name of Person Filing Exclusion: Douglas Lawley

November 15, 2017

Avalanche Securities Litigation Settlement
Claims Administrator
c/o Gilardi & Co LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

Douglas Lawley



Ph #

TO Whom it May Concern:

I would like to be EXCLUDED from the Class in the following action: In re Avalanche Biotechnologies, Inc. Shareholder litigation, Lead Case No. CIV536488.

Common Stock purchased or acquired from July 30, 2014 to June 15, 2015 as follows:

| October 17, 2014 | 100 Avalanche Biotechnologies Inc COM STP PET | $30.20US |
| December 5, 2014 | 100 Avalanche Biotechnologies Inc COM STP PET | $38.55US |
| May 27, 2015 | 50 Avalanche Biotechnologies Inc COM STP PET | $39.20US |

Consider this as full proof of my EXCLUSION request.

Sincerely,

*Douglas R Lawley*
Douglas Lawley

Signed this 15th Day of November, 2017



RECEIVED **GE**

NOV 2 0 2017

CLAIMS CENTER

1711152045

3926 T25

CANADA 120

AVALANCHE SECURITIES LITIGATION SETTLEMENT

CLAIMS ADMINISTRATOR

C/O GILARDI & CO. LLC

EXCLUSIONS

3301 KERNER BLVD

SAN RAFAEL CA





RECEIVED GE

DEC 2 8 2017

CLAIMS CENTER

# Exclusion Cover Page

Case Name: In re Avalanche Biotechnologies, INC.

Case Code: AVI

Exclusion Deadline: November 27, 2017 (Postmark Date)

Name of Person Filing Exclusion: Marcia Knox

Marcia Knox

December 26, 2017

Avalanche Securities Litigation Settlement

Claims Administrator

c/o Gilardi and Co, LLC

EXCLUSIONS

33012 Kerner Blvd.

San Rafael, CA 94901

Dear Claims Administrator or Whom it may Concern,

I, Marcia Knox, want to be excluded from the Class in the following action:

In re: Avalanche Biotechnologies, Inc., Shareholder Litigation, Lead Case No. CIV536488.

Name: Marcia Knox

Address: █████████████████████████

Phone: █████████████

AAVL Avalanche Biotech Purchased 500 shares in three lots on 8/25/2014, Lot 1 100 shares for 2,969.59, 100 2,968.79, 300 for 8,909.37 for a total of 14,847.75 (these numbers include a commission of approximately 8.95 for the purchase).

and sold 500 shares on 08/29/2014 for 14,591.23 (these numbers include a commission of approximately 8.95 for the purchase) for a loss of 256.52

Please call me if there is any other information you need that I may be able to provide, given more time.

Sincerely,

Marcia Knox



## CERTIFICATE OF SERVICE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on January 12, 2018, declarant served the **JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed below:

**Counsel for Plaintiff Beaver County Employees Retirement Fund:**
Robbins Geller Rudman & Dowd LLP
James I. Jaconette........................................................................jamesj@rgrdlaw.com
Susannah R. Conn.........................................................................sconn@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)

Robbins Geller Rudman & Dowd LLP
Shawn A. Williams........................................................................shawnw@rgrdlaw.com
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

**Counsel for Defendants Avalanche Biotechnologies, Inc.; John P. McLaughlin; Steven D. Schwartz, Paul D. Wachter; Mark S. Blumenkranz; Linda C. Bain; and Thomas W. Chalberg, Jr.:**
*Munger, Tolles & Olson LLP
Robert L. Dell Angelo..................................................................robert.dellangelo@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone:  213/683-9100
213/687-3702 (fax)

\*Munger, Tolles & Olson LLP
David H. Fry ................................................................. david.fry@mto.com
Adam I. Kaplan ......................................................... adam.kaplan@mto.com
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415/512-4016
415/644-6916 (fax)

**Counsel for Defendants Jefferies LLC; Cowen and Company, LLC; Piper Jaffray & Co.; William Blair & Company, L.L.C.:**

\*Morgan, Lewis & Bockius LLP
Charlene S. Shimada ....................................... charlene.shimada@morganlewis.com
Lucy Wang ......................................................... lucy.wang@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415/442-1000
Facsimile: 415/442-1001

\*Denotes service via e-mail and U.S. mail.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2018, at San Diego, California.

_Jaclyn Stark_
JACLYN STARK

1

**CERTIFICATE OF SERVICE**

2

I, the undersigned, declare:

3    1.    That declarant is and was, at all times herein mentioned, a citizen of the United States

4  and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested

5  party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San

6  Diego, California 92101.

7    2.    That on January 19, 2018, declarant served the NOTICE OF ENTRY OF JUDGMENT

8  AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT by depositing

9  a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with

10  postage thereon fully prepaid and addressed to the parties listed below:

11    **Counsel for Plaintiffs Beaver County Employees Retirement Fund:**

12  Robbins Geller Rudman & Dowd LLP
    Theodore J. Pintar ................................................................. tedp@rgrdlaw.com
13  James I. Jaconette .................................................................jamesj@rgrdlaw.com
    Susannah R. Conn......................................................................sconn@rgrdlaw.com
14  655 West Broadway, Suite 1900
    San Diego, CA  92101-8498
15  Telephone:  619/231-1058
    619/231-7423 (fax)

16  Robbins Geller Rudman & Dowd LLP
    Shawn A. Williams..........................................................shawnw@rgrdlaw.com
17  One Montgomery Street, Suite 1800
    San Francisco, CA  94104
18  Telephone: 415/288-4545
    415/288-4534 (fax)

19

20    **Counsel for Defendants Avalanche Biotechnologies, Inc.; John P. McLaughlin;
    Steven D. Schwartz, Paul D. Wachter; Mark S. Blumenkranz; Linda C. Bain; and
21  Thomas W. Chalberg, Jr.:**

    *Munger, Tolles & Olson LLP
22  Robert L. Dell Angelo ............................................................ robert.dellangelo@mto.com
    350 South Grand Avenue, 50th Floor
23  Los Angeles, CA 90071-3426
    Telephone:  213/683-9100
24  213/687-3702 (fax)

25

26

27

28

1    \*Munger, Tolles & Olson LLP
     David H. Fry ............................................................................... david.fry@mto.com
2    Adam I. Kaplan ................................................................... adam.kaplan@mto.com
     560 Mission Street, 27th Floor
3    San Francisco, CA  94105
     Telephone:  415/512-4016
4    415/644-6916 (fax)

5    **Counsel for Defendants Jefferies LLC; Cowen and Company, LLC; Piper Jaffray &**
     **Co.; William Blair & Company, L.L.C.:**
6
     \*Morgan, Lewis & Bockius LLP
7    Charlene S. Shimada................................................ charlene.shimada@morganlewis.com
     Lucy Wang......................................................................... lucy.wang@morganlewis.com
8    One Market, Spear Street Tower
     San Francisco, CA 94105
9    Telephone: 415/442-1000
     Facsimile: 415/442-1001
10
     \*Denotes service via e-mail and U.S. mail.
11
12       3.      That there is a regular communication by mail between the place of mailing and the

13   places so addressed.

14       I declare under penalty of perjury that the foregoing is true and correct.  Executed on

15   January 19, 2018, at San Diego, California.

16                                                          _____
17                                                              NATALEE J. HORSTMAN
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF ENTRY OF JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
1354969_1